IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARLIN DOUGLAS RICHARDSON, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 11-0448-WS-C ) |
| HONEY TRANSPORT, INC., et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 10). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 11, 15, 16), and the motion is ripe for resolution.

The plaintiffs filed suit in state court after being injured in a motor vehicle accident. The plaintiffs are citizens of Alabama, while the driver of the other vehicle is a citizen of Texas. The complaint names the driver and three corporations as defendants. Honey Transport, Inc. ("Honey") and Bestway Refrigerated Service, Inc. ("Bestway") are citizens of Florida, but C.C.T. Logistics, Inc. ("CCT") is a citizen of Alabama.

The defendants timely removed on the basis of diversity. There is no question but that the amount in controversy exceeds $75,000. The only issue is whether CCT was fraudulently joined, permitting the defendants to ignore its citizenship in perfecting removal.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The most common form of fraudulent joinder – and the only one at issue here – arises "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id*.

[1]

The parties agree that CCT did not own the vehicle or employ its driver. The complaint asserts various theories of CCT's liability notwithstanding this situation, but the motion to remand focuses on that of joint venture. The parties agree that, in order to be a joint venture under Alabama law, there must be a community of interest and a joint right of control. The defendants offer an affidavit for the propositions that CCT has no right to control Honey's vehicles and that it does not share in profits earned by Honey and Bestway, or vice versa. (Taylor Affidavit, ¶ 9). In the face of this affidavit, the defendants maintain, it is impossible for the plaintiffs to prove a joint venture.

Removing defendants are permitted to submit affidavits to establish that the plaintiffs cannot establish a cause of action against the resident defendant. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). If they submit evidence that negates a cause of action, it is incumbent upon the plaintiffs (who cannot simply rely on the allegations of the complaint) to present evidence sufficient to raise a question of fact. *Id*. at 1323. Should they do so, for purposes of removal jurisdiction their evidence must be credited and the defendants' evidence ignored. *Id*.

The Court will assume for present purposes that Taylor's affidavit is sufficiently precise to negate a joint venture. The plaintiffs have responded by presenting evidence that the three corporate defendants have highly overlapping officers, that they share the same physical facility, that they share the same offices and equipment, and that they publicly advertise integrated services.

The defendants reply that the plaintiffs "have provided no authority from Alabama to support the contention that the Plaintiffs' factual allegations are sufficient to state a colorable claim for 'joint venture' liability." (Doc. 15 at 3 (emphasis in original); *accord id*. at 9, 10). This argument places the burden on the wrong party. "A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted). In particular, the removing defendants must show the impossibility of establishing a cause of action against the resident defendant, *Henderson v. Washington National Insurance*

[2]

*Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006), and must do so "by clear and convincing evidence." *Id*.  Because the plaintiffs did not rest on their complaint in response to Taylor's affidavit but instead furnished evidence in support of their allegation of a joint venture, the burden lies with the defendants to show that, as a matter of Alabama law, joint venture liability cannot arise from the facts asserted by the plaintiffs.

The defendants do not directly attempt to meet this burden.  They cite and discuss three Alabama cases in which summary judgments or directed verdicts rejecting joint venture liability were affirmed, but the facts and procedural postures of these cases were so different, and the opinions so imprecise, that the Court cannot confirm they render it impossible for the plaintiffs to establish a joint venture here.[1]  Unlikely such liability may be but, to support removal, implausibility is insufficient and only impossibility will do.

The defendants devote much attention to Taylor's affidavit (which they impermissibly attempt to amplify with new, additional assertions of fact contained only in their brief).  (Doc. 15 at 8-10).  As noted above, however, the plaintiffs' submission of evidence to indicate a joint venture, coupled with the defendants' failure to demonstrate that this evidence is necessarily inadequate under Alabama law, reduces Taylor's affidavit to irrelevance for purposes of removal jurisdiction.

For the reasons set forth above, the motion to remand is **granted**.  This action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 29th day of September, 2011.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Indeed, even the defendants characterize these cases as merely "instructive."  (Doc. 15 at 5).